IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRANDON LADELL MCCLURE**                                                                         **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 3:17CV62 HTW-LRA**

**WARDEN LARRY SHULTS**                                                                           **DEFENDANT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Brandon McClure filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated in the Federal Correctional Complex Low ("FCC-Low") in Yazoo City, Mississippi. McClure seeks judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be denied.

McClure was arrested by Georgia state authorities for burglary on or about December 5, 2007, while on probation. On December 18, 2007, his probation was revoked, and he was remanded into state custody to serve the remainder of his 290-day sentence. He was subsequently indicted on February 26, 2008, in the United States District Court for the Northern District of Georgia on firearms-related charges. On March 5, 2008, he was transferred to federal custody pursuant to a federal writ where he remained after the expiration of his revocation sentence on September 28, 2008. On December 15, 2009, he was sentenced pursuant to a guilty plea to a 125-month term of imprisonment, with a recommendation that he "be given credit for time served from the

time of his arrest, in compliance with 18 U.S.C. § 3585." On December 28, 2009, McClure was returned to state custody and sentenced on the pending 2007 state burglary charges to two concurrent five-year terms, beginning effective February 10, 2010. On August 20, 2012, he was discharged from his burglary sentence and remitted into federal custody that same day.[1]

McClure's request for a *nunc pro tunc* designation was denied by the BOP, but he was credited with a total of 499 days, for time served between the expiration of his revocation sentence (September 28, 2008) and the commencement of his burglary sentence (February 10, 2010). McClure contends this was error and requests credit from the date of his arrest.

## Discussion

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit. Section 3585 provides as follows:

---

[1] ECF No. 10-1–10-3.

2

>(a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>(b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>>(1) as a result of the offense for which the sentence was imposed; or
>>
>>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>***that has not been credited against another sentence.***

18 U.S.C. § 3585 (emphasis added). Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving his sentence, and he receives credit for time served *only* if it has not been credited against another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

Liberally construed, McClure claims that BOP miscalculated his sentence in failing to award him credit for the entire time spent in custody. Specifically, he contends that BOP erred in failing to retroactively apply a *nunc pro tunc* designation and presentence credit from his arrest date. But as set forth herein, McClure is only entitled to prior custody credit for the time in official detention that was not credited against another sentence (September 29, 2008 – February 9, 2010). *See Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001) ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for

3

that time on his state sentence"). If he were allowed federal credit for time spent serving his state sentences, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).

Any time prior to September 29, 2008, for instance, was served and credited towards his state parole violation sentence. Any time after February 9, 2010, was served and credited towards his burglary sentence. And, although transferred on March 5, 2008, to the Northern District of Georgia pursuant to the writ of habeas corpus *ad prosequendum*, the State of Georgia retained primary jurisdiction. *Dominguez v. Williamson*, 251 F.3d 156, 2001 WL 300705, at *2 (5th Cir. 2001) (internal quotation marks omitted) ("[T]he writ merely loans the prisoner to federal authorities, and the prisoner technically remains in state custody."). McClure's federal sentence did not commence until he was exclusively in federal custody on August 20, 2012, after both state sentences had expired. The only uncredited presentence time prior to that date, was the time period between the expiration and commencement of his state sentences. By only crediting McClure with time served during this period, the BOP's sentence computation complies with § 3585(b).

To the extent McClure contends the intention of the federal sentencing court will only be realized if he is awarded federal credit from the date of his arrest, he is mistaken. The court's non-binding recommendation was that he "be given credit for time served from the time of his arrest, ***in compliance with 18 U.S.C. § 3585.***" (emphasis added). It was not a direct order of concurrence.

"[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder,* 445 F.3d

4

1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980)).  Accordingly, McClure's federal sentence could not commence on his arrest date (December 14, 2007).

Lastly, the BOP was within its discretion in declining to grant McClure's request for a *nunc pro tunc* designation.  *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016).  Such a designation allows the BOP to designate a state institution as the place for service of a federal sentence, effectively allowing his state and federal sentences to run concurrently.  *Branch v. Nash*, 669 F. App'x 774 (5th Cir. 2016).  The record reflects that BOP contacted the federal sentencing court for clarification on a *nunc pro tunc* designation and received no response.[2]  It is well-settled that when a District Court expresses "no opinion as to whether [a petitioner's] sentences should run consecutively or concurrently, . . . '[his] state and federal sentences ran consecutively, because the district court did not specify otherwise.'" *Hunter v. Tamez,* 622 F.3d 427, 431 (5th Cir. 2010) (quoting *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003)).  By contacting the district court, the BOP fulfilled its obligation to consider McClure's request for a *nunc pro tunc* designation.  The BOP's *nunc pro tunc* designation is "entitled to substantial deference," *Fegans v. United States,* 506 F.3d 1101, 1105 (8th Cir. 2007), and it can only be overturned if a petitioner shows that the denial was "arbitrary, capricious, an abuse of

---

[2] Although the letter indicates that petitioner was in the custody of Florida authorities, this appears to be a scrivener's error. The Court takes judicial notice that the letter was addressed to the Honorable Timothy C. Batten, Sr., of the United States District Court Judge for the Northern District of Georgia, because the sentencing judge, the Honorable Jack T. Camp, had retired. ECF No. 10-2, pp. 27-28.

discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). McClure has not made this showing here.[3]

In sum, Petitioner is not entitled to have the time spent in service of his state sentences applied towards the satisfaction of his federal sentence under § 3585 (b). The BOP is expressly prohibited from awarding credit for prior custody which, as in this case, has already been credited against another sentence. McClure's claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[3] ECF No. 10-2, pp. 2- 6, 27-28.

the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 8, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
